UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LUKE A. JONES, SR.                          )
14214 Mt. Pleasant Drive                    )
Woodbridge, Virginia 22191                  )
                                            )
            Plaintiff,                      )
                                            )
    v.                                      )
                                            )
                                            )   Case No. _____
WASHINGTON METROPOLITAN AREA                )
TRANSIT AUTHORITY                           )   **JURY TRIAL DEMANDED**
600 Fifth Street, NW                        )
Washington, D.C. 20001                      )
                                            )
    Serve:  Carol O'Keeffe, Esquire         )
            General Counsel's Office        )
            WMATA                           )
            600 Fifth Street, NW            )
            Washington, D.C. 20001          )
                                            )
            Defendant.                      )
_____)

**COMPLAINT**

COMES NOW, the Plaintiff Luke A. Jones, Sr. ("Jones"), by and through counsel, and moves for judgment against the Defendant Washington Metropolitan Area Transit Authority ("WMATA"), on the grounds and in the amount as set forth below:

1.  Jurisdiction in this Court is founded on the Washington Metropolitan Area Transit Regional Compact, which establishes original jurisdiction in this Court over WMATA matters pursuant to WMATRC Article XVI § 81, codified in District of Columbia law as D.C. Code § 9-1107.10.

2.  Venue in this Court is proper because Defendant's negligent acts and/or omissions occurred in the District of Columbia.

3. Plaintiff Luke A. Jones, Sr. is an adult resident of the Commonwealth of Virginia.

4. Defendant is the owner of the WMATA Metro Subway System ("Metro").

5. Metro is operated by its employees acting within the course and scope of their employment with WMATA.

6. Pursuant to Negligence Defendant is liable for all negligence of its Directors, officers, employees, and agents when performing any proprietary function.

7. Metro operations are proprietary functions as a matter of law under D.C. Code § 9-1107.10(80).

8. Further, at all times relevant, WMATA's trains, operations, tunnels, tracks, and adjoining railroad property were owned, controlled, operated, managed, constructed, maintained, repaired, designed, evaluated, built, overseen, patrolled, and supervised by WMATA.

## FACTUAL BACKGROUND

9. On January 12, 2015, Plaintiff Luke A. Jones, Sr. was a passenger in a car of a six-car WMATA Train 302 ("Metro Train 302") traveling on the Yellow Line toward King Street, Virginia.

10. Plaintiff boarded the Metro train at Columbia Heights Metro Station at approximately 2:30 p.m., and was headed to the Franconia-Springfield Metro Station.

11. After traveling approximately a few hundred feet or so, Metro Train 302 came to an abrupt halt, apparently being disabled due to a circuit breaker having tripped on the third rail (the conductor supplying high-voltage electric power running alongside the train tracks).

12. Train 302 was disabled in the tunnel without power and illuminated by emergency lighting only.

13. After it stopped, Metro Train 302 filled with gray smoke with a peculiar smell.

14. After a few minutes, Plaintiff Luke A. Jones, Sr. could not see even a few feet in front of him because of the density of the smoke.

15. Metro Train 302 instructed the passengers to "remain calm," to "stay on the train," that the "train can't move with an open door," such that the train would be returning to the station in short order.

16. Plaintiff Luke A. Jones, Sr. and other passengers were for all purposes trapped in the smoke-filled Metro Train 302.

17. Passengers began to panic.

18. Several passengers began coughing and gasping for breath.

19. Plaintiff Luke A. Jones, Sr. who was seated after he entered Metro Train 302, laid on the floor of Metro Train 302 and put his coat over his face to resist smoke inhalation as best as he could.

20. Plaintiff Luke A. Jones, Sr. remained in the smoke-filled Metro Train 302 on the floor from approximately 3:15 p.m. to 4:30 p.m.

21. After approximately 4:30 p.m., a WMATA employee announced that passengers could exit Metro Train 302.

22. Plaintiff Luke A. Jones, Sr. was carried out on the shoulders of other passengers to exit Metro Train 302. They took him out of the train where EMTs took him

on their back to the L'Enfant Metro Station, where he sat in a bed/chair in the rain for approximately 45 minutes.

23. Plaintiff Luke A. Jones, Sr. has not used WMATA since that day.

24. Plaintiff Luke A. Jones, Sr. observed a male passenger receiving treatment for a seizure and other passengers with symptoms and receiving treatment.

25. Plaintiff Luke A. Jones, Sr. observed several other passengers who had faces blackened from the smoke.

26. Plaintiff Luke A. Jones, Sr. bought a Smartrip card he used that day to enter the Columbia Heights Metro Station that shows him entering the station but not exiting.

27. All times relevant, Defendant WMATA owned, operated, managed, controlled and/or maintained the L'Enfant Plaza metro station, the Pentagon metro station, the Train, and all tracks, subway tunnels, and other relevant infrastructure connecting the afore-mentioned metro stations (the premises).

28. All times relevant, Defendant WMATA was responsible for the inspection, maintenance, and repair of the L'Enfant Plaza metro station, the Pentagon metro station, the Train, and all tracks, subway tunnels, and other relevant infrastructure connecting the afore-mentioned metro stations (the premises).

29. Upon information and belief, the smoke was caused by an electrical malfunction, believed to be electrical arcing, in the tunnel connecting the L'Enfant Plaza and Pentagon metro stations.

30. Defendant WMATA knew or should have known that electrical arcing was likely to occur, that such electrical arcing would create smoke, and that such smoke would create a dangerous condition to business invitees/passengers.

31. The National Transportation Safety Board has investigated and continues to investigate the events of January 12, 2015.

32. The National Transportation Safety Board issued a preliminary report as to the events of January 12, 2015 on January 16, 2015.

33. The following link is to a video of 5:51 duration published by the National Transportation Safety Board on June 23, 2015 entitled "WMATA Arcing/Smoke Event with Passenger Evacuation at L'Enfant Plaza Station," and which provides a timeline of key events: https://www.youtube.com/watch?v=gPQt93A7k7Y&feature=youtu.be

34. As a direct and proximate result of the dangerous condition created by WMATA, Plaintiff Jones suffered bodily injuries that have caused, and will continue to cause, physical and suffering. Plaintiff Luke A. Jones, Sr. suffered and will continue to suffer fear, anxiety and emotional distress. Plaintiff Luke A. Jones, Sr. has incurred medical treatment related to the incident, and will continue to incur, medical, therapeutic, and related expenses including lost wages and the inability to enjoy the normal functions of life.

**COUNT I**
**(Negligence)**

35. Plaintiff Luke A. Jones, Sr. hereby incorporates the allegations set forth in Paragraphs 1 through 35 as if fully articulated here.

36. Defendant is and was a common carrier, and owed a duty of high care to Plaintiff Luke A. Jones, Sr. and its other passengers.

37. Defendant breached this duty when it:

    a. Failed to properly inspect, repair and maintain the third rail running through the relevant section of the tunnel;

5

b. Failed to properly inspect, repair and maintain the ventilation system for the relevant section of tunnel;

c. Failed to properly train its agents, servants, and/or employees in the proper activation and use of the ventilation system in the event of a fire or smoke emergency;

d. Failed to equip its trains, including Metro Train 302, with safety equipment adequate for emergencies of this nature;

e. Failed to move Metro Train 302 to a safe location after it first encountered smoke in the tunnel;

f. Failed to timely shut off electricity to the third rail in the relevant section of tunnel;

g. Failed to timely inform District of Columbia Fire and Emergency Medical Services Department that electricity had been shut off to the third rail in the relevant section of tunnel;

h. Failed to timely evacuate Metro Train 302 if and when it was determined that the train could or would not be moved and its cars were filling with smoke;

i. Failed to warn of any unsafe condition on the premises which Defendant WMATA had knowledge of or through the use of ordinary care should have known of;

j. Created a dangerous defect in the Metro rail system;

k. Failed to respond in a reasonable and timely manner to a known dangerous condition in its Metro rail system; and

l. Was otherwise negligent, careless, or wrongful in its failure to take reasonable precautions to protect Plaintiff Luke A. Jones, Sr. and its other passengers from injury.

38. As a direct and proximate result of Defendant's negligence, Plaintiff Luke A. Jones, Sr. was trapped in Metro Train 302 for approximately forty-five minutes as it filled with smoke in fear for his life.

39. As a direct and proximate result of Defendant's negligence, Plaintiff Luke A. Jones, Sr. suffered smoke inhalation.

6

40. As a direct and proximate result of Defendant's negligence, Plaintiff Luke A. Jones, Sr. suffered severe and permanent personal injuries, mental suffering, emotional distress, and mental anguish as a result of this horrifying experience on Metro.

WHEREFORE, Plaintiff Luke A. Jones, Sr. requests judgment against the Defendant, in the amount of five million dollars ($5,000,000) together with the costs of this action, for pre-judgment and post-judgment interest, and all other relief the Court deems fair, just, and appropriate.

Dated: September 22, 2016

*/s/ Quentin R. Corrie*
Quentin R. ("Rick") Corrie (DC Bar No. 224469)
Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road
Suite 100 East
Falls Church, Virginia 22042
T. 703.205.8000
F. 703.205.8050
qrc@bskb.com, mailroom@bskb.com

## **JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by a jury on all issues so triable in this Complaint.

*/s/ Quentin R. Corrie*
Quentin R. Corrie